UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNELL SHELTON,

                Petitioner,
 v.
                                                  9:12-CV-00466
                                                  (GLS/DRH)
JOSEPH T. SMITH,
  Superintendent, Shawangunk Corr. Fac.,

                Respondent.
_____

APPEARANCES:

DONNELL SHELTON
98-A-5515
Petitioner, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      On June 21, 2012, petitioner was directed to file a written affirmation explaining why the statute of limitations should not bar his petition. Dkt. No. 6, Decision and Order, Sharpe, J., Jun. 21, 2012. Petitioner has filed the required affirmation. Dkt. No. 9, Petitioner's Affirmation in Compliance with Court Order ("Affirmation"). For the reasons that follow, the petition is dismissed as time-barred.

## II. RELEVANT BACKGROUND

### A. State court proceedings

Petitioner was convicted in 1998 in Schenectady County Court of second degree murder and other, related charges.  Dkt. No. 1, Petition ("Pet.") at 2; *People v. Shelton*, 270 A.D.2d 647 (3d Dep't 2000).  As part of his sentence, petitioner was ordered to pay restitution to the victim's family in the amount of $2,000 to cover burial expenses.  Dkt. No. 1, Ex. M, Sentencing Transcript ("Sent. Tr."), at 33-34.  The sentencing court also ordered that "any money" that accrued in petitioner's inmate account was "to be taken out and distributed to the family on a periodic basis until such time as the $2,000 is paid."  *Id.* at 33.  Petitioner's conviction was affirmed, and the New York Court of Appeals denied leave to appeal on May 31, 2000.  Pet. at 2; *People v. Shelton*, 270 A.D.2d 647 (3d Dep't. 2000), *lv. denied* 95 N.Y.2d 804 (2000).

The Schenectady County Court denied petitioner's motion to vacate his conviction, brought pursuant to New York Criminal Procedure Law ("CPL") § 440.10, on November 10, 2008.  *Shelton v. Smith* ("*Shelton I*"), No. 9:09-CV-01151, Dkt. No. 14, Ex. S, Decision and Order, Drago, J.  On March 25, 2009, the Appellate Division, Third Department, denied petitioner's application for a writ of error coram nobis.  *Shelton I,* Dkt. No. 14, Ex. Y, Decision and Order on Motion.

Based upon the exhibits petitioner has attached to his current petition, a copy of the Uniform Sentence and Commitment order detailing the restitution order was sent to him on July 29, 2009.  Dkt. No. 1, Ex. B, letter dated July 29, 2009 from Chief Clerk, Schenectady Supreme and County Court, to petitioner.  He then sought a copy of the sentencing transcript from both his correctional facility and the sentencing court.  *Id.* at Ex. C, letter dated Oct. 4,

2010 from petitioner to Victoria Rizzo; Ex. D, letter dated Nov. 8, 2010 from petitioner to Hon. Richard C. Giardino.  In an Standing Order dated November 16, 2010, the Schenectady County Court denied petitioner's request for copies of the restitution order and sentencing minutes, and advised him regarding the proper procedure to obtain those documents.  *Id.* at Ex. E, Standing Order, Drago, J..

On December 30, 2010, petitioner filed a motion in the Schenectady County Court seeking to vacate the 1998 restitution order, arguing that: (1) officials at the Shawangunk Correctional Facility were not following the court's mandate that restitution be deducted from his "prison wages," but were instead deducting the money from "all incoming money as sent from family, friends and associates;" and (2) he was given no notice that restitution would be imposed, and was denied the right to be heard.  Dkt. No. 1, Ex. F, Affidavit at 2-4.

On May 2, 2011, the Schenectady County Court denied petitioner's section 440 motion, finding that it lacked jurisdiction and advising petitioner that if he believed the Department of Corrections was "taking funds from his account in error, his remedy is to bring an Article 78 proceeding."  Dkt. No. 1, Ex. I, Decision and Order, Drago, J.  On May 13, 2011, petitioner then moved under Article 78 for a writ of mandamus "to compel adjudication and resolution of the application to set aside the Order of Restitution."  Pet. at 4; Dkt. No.1, Ex. K, letter dated Dec. 23, 2011 from petitioner to Andrew W. Klien, Clerk.  His application was apparently denied on October 13, 2011, and leave to appeal that decision was denied by the New York Court of Appeals on February 14, 2012.  Pet. at 5; Dkt. No. 1, Ex. J, *Matter of Shelton v. Caruso*, No. 512758, Decision and Order on Motion, Oct. 13, 2011; Ex. L, *Matter of Shelton v. Caruso*, No. 2011-1267, Order denying motion for leave to appeal, Feb. 14, 2012.

**B.     Petitioner's first federal habeas petition**

On October 10, 2009, petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in which he challenged the same 1998 judgment of conviction, of which the currently challenged restitution order was a part.  *Shelton I,* No. 9:09-CV-01151, Dkt. No. 1.  On October 21, 2009, petitioner was directed to file an amended petition in which he addressed why his petition should not be dismissed as time-barred and, if he was asking that the court equitably toll the limitations period, he was directed to set forth facts establishing a basis for equitable tolling.  Dkt. No. 3, Order, Sharpe, J., Oct. 21, 2009, at 9-10.

On December 12, 2009, petitioner filed an amended petition, and attached a document captioned "Ground Topic," in which he described his various grounds for habeas relief.  *Shelton I*, Dkt. No. 7, Amended Petition, Ground Topic ("Ground Topic").  Petitioner argued that he was tried and convicted without a valid indictment, his trial and appellate counsel erred by not challenging the validity of the indictment, and his attorneys withheld relevant documents from him until May 2008.  *See* Ground Topic at 1-7.  In an attempt to overcome the statute of limitations, petitioner argued that because the indictment was allegedly deficient, his conviction was void, which rendered him "actually innocent."  *Id.* at 4.  He further argued that because he allegedly did not have copies of the indictment until 2008, this information constituted "new evidence."  *Id.* at 1.       The petition was referred to Magistrate Judge Andrew T. Baxter, who recommended that it be dismissed as time-barred.  Dkt. No. 18, Rep/Rec., Baxter, M.J., Sept. 16, 2010.

On October 18, 2010, petitioner filed objections to Magistrate Judge Baxter's Report and Recommendation in which he argued that he did not "raise equitable tolling," but was instead claiming that he was actually innocent based upon the copies of the indictment he

4

received in 2008, and that the factual basis for that claim could not have been discovered through the exercise of due diligence. *Shelton I*, Dkt. No. 21, Objection to Report and Recommendation ("Objection"), Oct. 18, 2010 at 1-5. On June 21, 2011, after considering petitioner's objections, this court adopted Judge Baxter's Report and Recommendation, and the petition was denied and dismissed as time-barred. *Id.* at Dkt. No. 22, Memorandum-Decision and Order, Sharpe, J., Jun. 21, 2011.

Petitioner appealed, and on January 27, 2012, the Second Circuit denied a certificate of appealability and dismissed his appeal, finding that he failed to show that "jurists of reason would find it debatable whether the district court was correct" that the petition was untimely. *Shelton I,* Dkt. No. 26, Mandate, Second Cir., Jan. 27, 2012. Petitioner's time to seek certiorari of that decision expired ninety days later, on April 26, 2012.

### C.     The current petition and related proceedings

Petitioner's current petition, dated March 5, 2012 and post-marked March 13, 2012, was originally brought pursuant to 28 U.S.C. § 2241. In the petition, petitioner challenges the state sentencing court's September 9, 1998 restitution order, claiming that he was denied due process under the Fifth and Fourteenth Amendments because restitution was ordered without notice and an opportunity to be heard. Dkt. No. 1, Pet. at 3, 6; *See* Dkt. No. 5, Motion for an Order Authorizing the District Court to Consider a Successive or Second Habeas Corpus Application Pursuant to 28 U.S.C. §§ 2244 (b), 2254 by a Prisoner in State Custody ("Motion"), at 5. He seeks injunctive and declaratory relief, asking that this court issue an order (1) declaring the restitution order null and void; (2) directing that all money paid pursuant to the restitution order from his inmate account be refunded to him; and (3) and that

the respondent pay him $100.00 per day from the date of sentencing until the present day. Pet. at 7.

On March 23, 2012, the petition was converted into one brought pursuant to 28 U.S.C. § 2254, and was transferred to the Second Circuit for a determination under 28 U.S.C. §2244(b) as to whether petitioner should be authorized to bring a second or successive habeas petition.  Dkt. No. 3, Decision and Order, Sharpe, J., Mar. 23, 2012.

On June 8, 2012, the Second Circuit denied petitioner's request for an order authorizing this Court to consider a second or successive petition as unnecessary, finding that the adjudication of his first petition was not final at the time he filed his current petition because "the time to seek certiorari from the Supreme Court with respect to his appeal from the district court's July 2011 judgment denying the prior § 2254 petition had not expired [.]" Dkt. No. 5, Mandate, Jun. 8, 2012.  The Second Circuit transferred petitioner's papers to this court for "'whatever further action the district court finds appropriate, as if it had been filed directly in the district court.'"  *Id.* at 2 (quoting *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005)).

On June 21, 2012, petitioner was directed to file a written affirmation in which he explained why the statute of limitations should not bar his present petition. Dkt. No. 6, Decision and Order, Sharpe, J., Jun. 21, 2012.  Petitioner was also directed that if he was claiming the limitations period should be equitably tolled, he must include the reasons that would establish the basis for equitable tolling.  *Id.* at 11.

Petitioner filed the required affirmation on August 20, 2012.  Dkt. No. 9, Affirmation at 2-6.

6

## II.   DISCUSSION

### A.   Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* at § 2244(d)(1)(A). Ordinarily, for purposes of section 2244, a state conviction becomes "final" when certiorari is denied by the United States Supreme Court or when the time to seek certiorari has expired, which is ninety days after the date direct review of the case has been completed by the highest court in the state. *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009), *cert. denied* 131 S. Ct. 899 (2011).[1]

Here, petitioner's conviction was final on August 29, 2000, ninety days after the New York Court of Appeals denied leave to appeal from the Appellate Division's decision affirming his conviction. *Shelton*, 95 N.Y.2d 804. He had until August 29, 2001, to file a timely habeas petition. 28 U.S.C. § 2244(d)(1)(A). This petition was signed on March 5, 2012, and post-marked on March 13, 2012, several years too late. *See* Pet. at 7; Dkt. No. 1, Envelope.

### B.   Statutory Tolling

The one-year limitation period under AEDPA is tolled while "a properly filed application

---

[1] Other dates from which the limitations period may start to run are (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, (2) the date on which the Supreme Court initially recognizes the constitutional right on which the petitioner bases his habeas application if the right is newly recognized and made retroactively applicable, and (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C.§ 2244(d)(1)(B), (C), and (D). None of these alternative dates apply in this case.

7

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. All of petitioner's collateral state court applications were filed well after the statute of limitations expired, and those proceedings do not operate to toll the limitations period. *Saunders*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

### C. Equitable Tolling

AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __U.S.__, 130 S. Ct. 2549, 2560 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). A petitioner must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Mason v. Pool*, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

Petitioner has not alleged any "extraordinary circumstances" that prevented him from filing his petition on time. Petitioner states that the Department of Corrections and

8

Community Supervision ("DOCCS"), and the sentencing court, refused to give him a copy of the sentencing minutes during state court collateral proceedings.  Affirmation at 4.  Specifically, he claims that between September 1998 and July 29, 2009, he could not obtain a copy of the final order of commitment or the sentencing minutes, and that it was not until May 13, 2011, when finally he received a copy of the sentencing minutes in connection with his Article 78 proceeding, that he could see what the state court ordered with regard to restitution.  Affirmation at 4-5; *see* Motion at 5.  Petitioner states that once he reviewed the sentencing transcript, he "saw that the imposed" restitution was "without notice, any rights to be heard or to defend."  Motion at 5.  He claims that once he possessed this "documentary evidence," he "did not delay."  Affirmation at 5.  Finally, petitioner argues that his petition only challenges the sentence, and not the conviction, and it would constitute a miscarriage of justice to "permit New York State to impose a fine or Restitution" without due process.  *Id.* at 5-6.

Unfortunately for petitioner, he is required to show both that he has been diligently pursuing his rights *and* that "some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland,* 130 S. Ct. at 2562.  Petitioner's papers address only the "extraordinary circumstances" requirement.  Affirmation at 3.  His claims that DOCCS did not provide him with a copy of his commitment order until 2009, and that he did not receive the sentencing transcript until 2011, are insufficient to show any extraordinary circumstance that would make application of equitable tolling appropriate.  He has made no showing that he was diligently pursuing his rights from September 9, 1998 - the date restitution was imposed - and at least July 29, 2009, when he received the Uniform Sentence and Commitment form.  That failure is amplified by petitioner's apparent acknowledgment that DOCCS immediately

began to execute the restitution order after petitioner was remanded into its custody, Pet. at 2, 7, and the fact that he was present during the sentencing proceeding. Dkt. No. 1-13, Sent. Tr. at 33-34. Although he was given an opportunity to be heard after restitution was imposed, petitioner declined to address the court. *See id.* Thus, he has failed to establish that he was diligently pursuing his rights during the entire time period that he seeks to toll. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007); *Reid v. Atty. Gen., State of New York*, No. 9:04-CV-0178 (TJM/RFT), 2008 WL 3049870 at *7 (N.D.N.Y. Aug. 1, 2008).[2]

In sum, petitioner has made no showing that would merit equitable tolling of the statute of limitations, and the court finds that the petition is time-barred.[3]

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, be **DISMISSED** as untimely, and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right"

---

[2] Petitioner appears to argue that this court should treat his petition as an amendment to his first petition. Affirmation at 3, 5. The Second Circuit has held that when a habeas petition is filed before adjudication of an initial petition is complete, and both petitions are before the district court at the same time, "the district court should construe the second [petition] as a motion to amend the pending [petition]." *Ching v. United States*, 298 F.3d 174, 177-79 (2d Cir. 2002). This court did not, however, have both of petitioner's petitions before it at the same time because "[b]efore the subsequent petition was filed, the initial petition had already moved to appellate proceedings." *Whab,* 408 F.3d at 119 (discussing *Ching*). Therefore, it would be inappropriate to treat petitioner's current petition as an amendment to his first petition. *Id.* Moreover, even if this petition could be properly treated as an amendment, that would not help petitioner's cause. As previously noted, his first petition was also dismissed as untimely, and his appeal of that decision was dismissed by the Second Circuit. *Shelton I,* Dkt. No. 26, Mandate, Jan. 27, 2012.

[3] The Second Circuit recently held that "a credible and compelling claim of actual innocence" constitutes an "equitable exception to AEDPA's limitation period." *Rivas v. Fischer*, 687 F.3d 514, 552 (2d Cir. 2012). Petitioner has not, however, alleged actual innocence. *See* Pet.; Affirmation. Indeed, he insists that his sole challenge is to the "sentencing aspects of his conviction." Affirmation at 6.

as 28 U.S.C. § 2253(c)(2) requires.[4]

**IT IS SO ORDERED.**

Dated:     September 20, 2012
           Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).